UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

CLERK, US BANKRUPTCY COURT
DISTRICT OF OREGON

2011 MAR -4   PM 2:56

LODGED_____ REC'D_____
PAID_____ DOCKETED_____

In re

Jordan May

Debtor(s)

Case No. 11-60742-ELP 13
(NOTE: If blank, Case No. will be on the Meeting of Creditors Notice)

CHAPTER 13 PLAN DATED 2-28-2011
☒ MOTION TO VALUE COLLATERAL
☒ MOTION TO AVOID LIENS
[*MARK* above *IF* motion(s) included]

1. The debtor shall pay to the trustee: (a) a periodic payment of $ __631.00__ every __month_____(insert either month or quarter); (b) all proceeds from avoided transfers; (c) upon receipt by the debtor, all tax refunds attributable to prepetition tax years and net tax refunds attributable to postpetition tax years (i.e., tax refunds not included on Schedule I, less tax paid by debtor for a deficiency shown on any tax return for that same tax year or tax paid by setoff by a tax agency for a postpetition tax year) for: ☒ The life of the plan, or ☐ 36 months from the date the first plan payment is due *(Check the applicable provision; if neither is checked, "for the life of the plan" applies)*; (d) a lump sum payment of $ __n/a_____ on or before __n/a_____(date); and (e)

Debtor acknowledges that if the debtor is ever more than 30 days delinquent on any payment due under section 1(a) of this plan, upon request of the trustee, a wage deduction order to debtor's employer may issue immediately.

2. The trustee shall apply all funds received pursuant to ¶ 1 as follows:
   (a) First, to the trustee's commission and expenses.
   (b) Second, with respect to secured creditors, the terms of the debtor's prepetition agreement with each secured creditor shall continue to apply, except as otherwise provided in this plan or in the confirmation order. If a creditor is not fully secured, the unsecured portion of the creditor's claim shall be treated under the provisions of ¶ 2(d) and (e) if the claim identifies the priority portion of the claim, and, if not, under the provisions of ¶ 2 (e) only. The following also apply:
      (1) From the payments received pursuant to ¶ 1, if a claim has been timely filed and allowed as secured, make payments to the following holders of such claims as detailed below. ESTIMATED PREPETITION ARREARAGES, IF CURING AND REINSTATING, MUST BE SHOWN BELOW.

| Creditor | Collateral | Estimated Arrearage if Curing | Collateral Value | Postconfirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|
| OSU Federal Credit Union - Acc# 338813 | 1996 Ford Mustang | none | $3196.00 @ | 4.49% | $171.00 per mo. |
| Weststar Bank - Escrow Acc# 199-31731-0 | 1 Acre in Alaska | none | $16823.00 | 8% | $250.00 per mo |
| Yamaha Motor Corp. HSBC Bank Acc# 766-4190-0630-004 | | $200 | $8112.00 | 9% | $200.00 per mo. |

Any allowed secured claims will be paid in installments as shown above, and secured creditors shall retain their liens until terminated by law. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed above, disbursement of funds available shall be made pro rata. Unless otherwise stated, secured claims shall be paid current pursuant to this plan before any further disbursements are made to ¶¶ 2(c), (d) and (e).

No interest shall be paid from the date of the filing of the petition to the date of confirmation unless ¶ 10 identifies the creditor(s) to whom such interest shall be paid. The interest rate for each creditor so identified shall be the amount stated in ¶ 10 (if no rate is specified the rate shall be the greater of 9% or the stated postconfirmation rate for said creditor). If no postconfirmation interest rate is stated for a creditor, the interest rate applicable to that creditor's secured claim shall be 9%.

*If the collateral is not to be sold, the value of the collateral shall be fixed in the amount stated above for purposes of administration of this plan as well as for purposes of the amount of any secured claim, if undersecured, unless objected to at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to this proposed modified plan, in which case the value will be determined by the court. If the collateral is to be sold, the value shall be the sales price. The debtor MOVES the court for an order so fixing the value of the collateral.*

(2) Attorney Fees: Original attorney fees are $ __n/a_____; of which $ __n/a_____ remains unpaid. Said fees are to be paid either: ☐ From all available funds after ¶ 2(b) payments are made; ☐ Prior to all creditors; or ☐ Other -

    (3) The debtor shall surrender any collateral not otherwise addressed by the terms of this plan no later than upon confirmation of this plan to the following (i.e., state <u>creditor</u> NAME followed by DESCRIPTION of collateral to be surrendered):

    n/a

(c) Third, pro rata, until fully paid, the balance of any payment to allowed administrative expenses referred to in §507(a)(1).
(d) Fourth, pro rata, until fully paid, to timely filed and allowed priority claims in the order stated in §507(a)(3)-(8).
(e) Fifth, pro rata, to timely filed and allowed nonpriority unsecured claims, the amounts required by §1325(b)(1). These monies will be distributed in the method indicated in the section marked below [MARK ONLY **ONE**]. The terms of ¶ 8 shall also apply.

    [X] (1) The creditors will receive approximately __n/a__ % of their claims. Payment of any dividend will depend upon secured values at the time of confirmation, the total amount of allowed claims, and the costs of administration, including all allowed attorneys' fees of the debtor.
    [ ] (2) The creditors will receive a minimum _____ % of their claims. This percentage will not be reduced despite the amount of total creditors' claims filed.

(f) [Not Applicable if NA inserted in the blank] Pursuant to §1325(a)(4), the "best interest of creditors" number is determined to be $__n/a__, and not less than that amount shall be distributed to creditors pursuant to ¶¶ 2(d) and (e).
(g) [Not Applicable if NA is inserted in the blank] Pursuant to § 1325(a)(4), all allowed unsecured claims shall receive interest of __n/a__ % from the time of confirmation.

3. The debtor ASSUMES the following executory contracts and leases:

Creditor                      Amount of Default [State if None]      Cure Provisions

Those executory contracts or leases not specifically mentioned above are treated as rejected. Any timely filed and allowed claim arising from rejection shall be treated under ¶ 2(e). The debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. The debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than upon confirmation of this plan.

4. The debtor shall pay directly to each of the following creditors, whose debts are either fully secured or are secured only by a security interest in real property that is the debtor's principal residence, the regular payment due postpetition on these claims in accordance with the terms of their respective contracts, list any prepetition arrearages in ¶ 2(b), and/or specify any other treatment of such secured creditor(s) in an additional ¶ at the end of this plan:

    n/a

5. Subject to the provisions of § 502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

6. (a) The debtor MOVES, pursuant to §522(f)(1)(A), to avoid the judicial liens of the following creditors because they impair an exemption(s) of the debtor: n/a

    (b) The debtor MOVES, pursuant to §522(f)(1)(B), to avoid the non-purchase money security interests of the following creditors because they impair an exemption(s) of the debtor: n/a

Absent objection from a creditor, filed prior to the first date set for the confirmation hearing on this plan, the order of confirmation will avoid its lien and its claim will be treated in ¶ 2(e).

7. Except as otherwise provided herein, (a) postpetition interest on all unsecured claims is disallowed, and (b) unsecured claims allowed in the amount of $25 or less, to the extent claims of that class are entitled to a distribution under this plan, may be paid in the full amount allowed prior to any payments to other unsecured claims of the same class.

8. [To be completed if plan will not be completed until more than 36 months after the first plan payment due under the originally filed plan.] The approximate length of the plan is __60__ months; cause to extend longer than 36 months is as follows: at proposed payment rate it may take longer than 36 mo. to resolve.

Except as otherwise explicitly provided by ¶ 10, the debtor shall make plan payments for the longer of either: (a) 36 months from the date the first payment is due under the original plan, unless the debtor pays 100% of all claims with interest if required; or (b) the time necessary to complete required payments to creditors.

9. This plan may be altered postconfirmation in a non-material manner by court order after notice to the debtor, the trustee, any creditor whose claim is the subject of the modification and any interested party who has requested special notice.

_____
DEBTOR
I CERTIFY this document FULLY complies with LBR 1001-1.F. _____
                                                          Initials

_____
DEBTOR

IN ORDER TO ASSURE PROPER SERVICE ON ALL CREDITORS LISTED IN ¶¶ 2(b)(1) OR 6 OF THE PLAN pursuant to FRBPs 3012, 4003(d), 9014 and 7004: (a) I LISTED ON THE MAILING MATRIX such creditors, other than insured depository institutions, in care of a person or entity authorized to be served; AND (b) I SERVED VIA CERTIFIED MAIL, ON _____, COPIES OF THIS PLAN ON any insured depository institution(s) affected by ¶¶ 2(b)(1) or 6 of the Plan [FRBP 7004(h)] ; AND (c) THE FOLLOWING LIST SEPARATELY IDENTIFIES all such creditors served via matrix listing and such creditors served via certified mail INCLUDING the names AND addresses of ALL such creditors served (NOTE: With respect to creditors served via matrix listing, the list of names and addresses IS IDENTICAL to that included in the matrix):